# ALTMAN SCHOCHET, LLP

ATTORNEYS AT LAW

October 31, 2011

**VIA ELECTRONIC CASE FILING**
Hon. Denis R. Hurley, Senior District Judge
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

    Re: *Financial Life Services, LLC v. N. Bergman Insurance Trust*
       CV 10-4499 (DRH)(WDW)

Dear Judge Hurley:

  This law firm represents Mr. Nachman Bergman, the Trustee of the N. Bergman Insurance Trust (the "Trust") in connection with the above referenced matter. Pursuant to the Order of this Court, dated October 26, 2011, we respectfully submit the following in response to Plaintiff's submission, dated October 25, 201,1 which proffered a proposed method for the disposition of the subject life insurance policy (the "Policy").

  The Trust is the sole owner of the Policy. As such, the Trust is the only party that may sell the Policy. As the Court recognized, no consideration was paid by Financial Life Services, Inc. ("FLS") to the Trust for the Policy. Accordingly, the rightful owner of the Policy remains the Trust and, at best, FLS has a claim for unjust enrichment and for a lien against the Policy in the amount of the judgment previously awarded by the Court in favor of FLS (the "Judgment"). In order to resolve the instant controversy, the Trust is inclined to deposit into escrow the sum equal to six (6) months of premium payments. During this time, ownership (on paper) of the policy would remain with the Trust, allowing the Trust the proper credentials and time (the thirty (30) days allowed by this Court to market the Policy and locate a viable purchaser was insufficient to market and sell the Policy). The minimum acceptable purchase price would be an amount equal to the Judgment. Unlike an auction, this would allow the rightful owner of the Policy to sell the Policy (there is a sentimental value here as well and the Trust opposes FLS obtaining the policy due to the fact that FLS failed to pay the purchase price for the policy and then had the audacity to claim that the Trust misrepresented the life expectancy of the insured, a claim the Trust vehemently denies and can prove). The first proceeds realized from the sale would be applied towards the Judgment. Should the Trust be unable to sell the Policy during this time period, the Trust will agree to be bound by FLS's recommendation (despite the issues with such proposal as outlined below).

  Notwithstanding the fact that FLS is not the rightful owner of the Policy and that the Policy should immediately revert to the Trust until proper consideration is paid, FLS' October 25, 2011, submission to this Court is flawed. The proposed auction precluded the Policy from being marketed to the public at large in an effort to obtain the highest purchase price possible. Of course, this is not a concern to FLS as once their Judgment is satisfied, it will no longer have an interest in procuring a purchase price for the policy that also meets the Trust's approval. The

Trust after due diligence has determined a Three Million ($3,000,000.00) Dollar value on the policy. Furthermore, the Court should not allow FLS to market the policy in good faith as FLS believes the Policy is a "STOLI." Moreover, allowing FLS to bid and to control the auction (auctioneer is its own Accountant) and bidding process (sealed bids) would conceivably allow FLS to win the bidding, maintain a judgment over the Trust and ownership of the Policy without ever paying consideration for the Policy. Throughout FLS proposal to this Court, it compares itself to a mortgagee and equates this matter to a mortgage in foreclosure. The Trust does not dismiss this notion and like a foreclosure should have a right of redemption (by satisfying the Judgment) up until the point of sale of the Policy.

Should the Court be inclined to offer the policy through an auction, the Trust proposes that an independent third-party licensed settlement provider (with a commission-based incentive and no relationship to FLS) market and sell the policy with unsealed bids. Unsealed bids are necessary as the Trust should have a right of redemption up until the point of sale and in such case may want to do so if the auction does not produce a purchase price to its liking.

Should the Court have any questions concerning this matter, we will gladly render a supplemental response with additional information.

Thank you.

Sincerely Yours,

Mark J. Nussbaum (MN 9712)

MJN/rd
cc: Harris Beach PLLC @ sivy@harrisbeach.com