**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

November 2, 2011

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800
DOUGLAS A. FOSS

DIRECT (585) 419-8612
FAX      (585) 419-8811
DFOSS@HARRISBEACH.COM

**VIA ELECTRONIC FILING**

Hon. William D. Wall
U.S. Magistrate Judge
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

Re:   <u>Financial Life Services, Inc. v. N. Bergman Insurance Trust,</u> CA No. CV-10-4499
      Reply to Defendant's letter, dated October 31, 2011

Dear Judge Wall:

The defendant's letter of October 31, 2011 sets forth some very disturbing misstatements that compel response, and raises issues other than those on which the Court asked comment.

At the outset of the second paragraph, the defendant asserts that it "is the sole owner of the Policy." This is categorically false. The documents before the Court, and particularly the agreement at issue, demonstrate that the transaction expressly provided for the plaintiff to obtain title. For that reason, contrary to the assertion later in the paragraph, "ownership (on paper) of the policy" cannot "remain with the Trust." If the Trust were the owner of the policy, it, and not FLS, would have been paying hundreds of thousands of dollars in premium payments over the last two years. Similarly, the assertion that plaintiff is "not the rightful owner of the property" at the outset of the third paragraph also is in error. The defendant seems to ignore the repeated references, first by the Magistrate and then in the Judge Hurley's decision of September 22, 2011, that if the defendant were to tender the repurchase price, that title would have to be transferred from the plaintiff. The current ownership of the policy should not even be open to question.

The only reason that the parties are engaging in briefing proposals for a sale is defendant's failure to tender the judgment amount within 30 days of the Court's September 22 order. Its "due diligence" supposedly reveals a $3 million value for the policy, yet it has not even offered a name to which to offer the policy as part of an effort to market it. Its "inclination" to front premiums only begs the question as to why it simply does not pay the judgment amount to gain the right to sell the policy as it might prefer (the specifics of which sale are completely lacking though sought by the September 22 order).

The defendant has dragged out the process in the hope that the insured will die, in the meanwhile forcing premium payments on plaintiff to keep the policy in force. The Court should establish a procedure to market with the level of specificity plaintiff has proposed.

Thank you for your timely consideration of this matter.

Respectfully,

Douglas A. Foss

cc: Mark J. Nussbaum, Esq. (via ECF)
Svetlana K. Ivy, Esq. (via ECF)