# ALTMAN SCHOCHET, LLP
ATTORNEYS AT LAW

November 8, 2011

**VIA ELECTRONIC CASE FILING**
Hon. William D. Wall
U.S. Magistrate Judge
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

Re:   Financial Life Services, Inc. v. N. Bergman Insurance Trust, CA No. CV-10-4499
      Reply to Plaintiff's letter, dated November 2, 2011

Dear Judge Wall:

    The plaintiff's unauthorized response to N. Bergman Insurance Trust's (the "Trust") October 31, 2011 letter (the "Letter") mischaracterizes its intent, makes unfounded allegations and begs for a response. We reiterate and unequivocally state that contrary to Plaintiff's assertions, until such time that the plaintiff tenders the purchase price, the defendant is the sole owner of the policy. The plaintiff is well aware that the purchase price for the policy is an issue of contention and dispute. Plaintiff had the option to seek specific performance in its suit against the Trust, but failed to do so, thereby waiving such cause of action. Moreover, Plaintiff had every right not to make insurance premium payments, but did so as it was well aware of the value of the policy (despite alleging that the Trust proffered a fraudulent life expectancy report and that the policy is a STOLI). Plaintiff cannot be the owner of the policy simply because it made premium payments on the policy when no consideration was ever paid to the Trust. Any argument to the contrary defies logic and the principles of law by which we are all bound.

    The purpose of engaging in proposals to the Court is to identify the best party to sell the policy. Typically, such a determination would be largely based on the owner's preference. Here, the Trust, as owner of the policy would like the Court's approval to sell the policy. The Trust has set forth two distinct options. The first is to place monies in escrow with the Court or this firm in an amount equal to six (6) months of insurance premium payments. Contrary to Plaintiff's allegations, this is not an "inclination." The Trust is ready, willing, and able to profer such monies while it attempts to sell the policy. Moreover, the Trust is willing to set a minimum price in its bid to sell the property which would be the amount of the Judgment. The Plaintiff has made no such overtures and only reinforces the Trust's belief that the plaintiff seeks to sell the policy at a discount to itself and maintain a judgment against the Trust. As averred in the Letter, the Trust is very confident in its ability to sell the policy during such six (6) month period. Should the Trust be unable to do so will agree that the policy be sold in accordance with the Plaintiff's closed bid auction proposal. The second proposal is to allow a third party to market and sell the policy. Should the Court be inclined to ask the Trust for a recommendation to market and sell the policy, the Trust proposes that Options NY LLC, a Life Settlement Broker as

set forth in Section 2137 of the Insurance Law, be appointed as the broker to sell the policy as they see fit with a minimum purchase price of the Judgment.

Plaintiff is well aware that the policy will likely mature soon and is simply attempting to improperly "grab" the policy without ensuring that the Trust be properly compensated as the owner (or according to the plaintiff, former owner, that was never paid any consideration) of the policy.

Should the Court have any questions concerning this matter, we will gladly render a supplemental response with additional information.

Thank you.

Sincerely Yours,

Mark J. Nussbaum (MN 9712)

MJN/rd
cc: Harris Beach PLLC @ sivy@harrisbeach.com