UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FINANCIAL LIFE SERVICES, LLC,

                               Plaintiff,

  -against-

N. BERGMAN INSURANCE TRUST,
----------------------------------------------------------X

**ORDER**
10 CV 4499 (DRH)(WDW)

**APPEARANCES:**

**HARRIS BEACH PLLC**
Attorneys for Plaintiff
99 Garnsey Road
Pittsford, New York 14534
By:   Douglas Alan Foss, Esq.
        Svetlana Ivy, Esq.

**ALTMAN SCHOCHET LLP**
Attorneys for Defendant
225 Broadway
39th Floor
New York, New York 10007
By:   Mark J. Nussbaum, Esq.

**HURLEY, Senior District Judge**

      The defendant N. Bergman Insurance Trust ("defendant" or the "Trust") defaulted, and the Court directed an inquest on damages. Thereafter, by Memorandum and Order dated September 22, 2011 and entered on September 28, 2011, the Court directed the defendant to tender a sum certain of $939,365.28 within thirty (30) days of the date of said Memorandum and Order and provided that failure of the defendant to tender such amount within such interval shall result in the Court directing the sale of the Policy in order to satisfy judgment against the defendant, including which party (either plaintiff or defendant) is in the best position to sell the Policy and the best method or procedure for effectuating the sale of the Policy, whether by auction or otherwise. The Court's order of

September 22, 2011 also stated that the plaintiff Financial Life Services, LLC ("plaintiff or "FLS") shall be entitled to submit updated calculations of the amount of the judgment through the time of entry.

The defendant failed to make the payment required by the Court's order of September 22, 2011, and, in accordance with the Court's request, the parties thereafter submitted writings setting forth their positions concerning disposition of the Policy. Further, plaintiff has made an additional premium payment of $105,000 in order to maintain the Policy in effect and to prevent cancellation of it. Accordingly,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The plaintiff shall have judgment against the defendant in the amount of $1,070,044.15.

2. The plaintiff is the proper party to market the Policy.

3. The best method to market the Policy is by auction, conducted in accordance with the following procedures:

    a. Duly executed documents necessary to transfer title to the Policy to the successful bidder in the auction shall be held by Harris Beach PLLC ("Harris Beach") in escrow subject to the restrictions and directions set forth below.

    b. Alan J. Goldberger, CPA, 462 Seventh Avenue, 12th Floor, New York, NY 10018 shall be the agent (the "Auction Agent") to receive sealed bids from prospective purchasers subject to the restrictions and directions set forth below. The Auction Agent's fee of $5,000 shall be borne by plaintiff, subject to the restrictions and directions set forth below.

    c. Plaintiff shall publish an advertisement in a publication known as "The Life Supplements Wire", which publication is conducted by Deal Flow Media. The costs and expenses of publishing such advertisement shall be borne by plaintiff, subject to reimbursement from the proceeds of such auction in the amount of such costs and expenses actually paid by plaintiff out of pocket. Such advertisement shall run for a period of two weeks beginning January 20, 2012.

    d. Plaintiff shall cause the Auction Agent to deliver on or before January 20, 2012 e-mailed notifications of the auction to Coventry First, CMG Surety, and Life Partners. Such advertisements shall announce the sale of a life insurance

policy and disclose the face amount of the death benefit of such policy and that such policy is issued on the life of a female aged 87 and that further details concerning the insured, the issuer, and terms of the policy may be obtained from the Auction Agent upon execution of an agreement to keep confidential such additional information.

e. Plaintiff has asked the defendant to supply it with names of other prospective purchasers, and defendant to date has failed to supply any such names. To the extent that defendant shall deliver any such name(s) and associated e-mail address(es) to the Auction Agent prior to January 20, 2012, the Auction Agent shall provide each such person a notice of the auction in the form set forth immediately above.

f. The auction shall be open to bids submitted by qualified bidders. Qualified bidders shall include: (a) plaintiff, (b) a licensed life settlement provider; (c) a bank, insurance company or registered hedge fund; and (d) any other bidder which shall post with the auction agent at the time of bidding a deposit in collected funds equal to 20% of the bid amount. No bidder shall be treated as a qualified bidder unless that bidder shall have supplied an e-mail address for receipt of the notification from the Auction Agent specified below.

g. All bids shall be submitted to the Auction Agent in sealed envelopes, which sealed envelopes must arrive in a separate envelope postmarked no later than February 3, 2012. Bidders tendering a deposit as set forth above shall tender such deposit to Harris Beach and payable to "Harris Beach PLLC, as escrow agent", and such deposit shall be delivered no later than February 3, 2012. In the event that Harris Beach shall receive such deposit(s), it shall place such deposit(s) in its trust account, there to be maintained until closing shall occur of the sale of the policy. Harris Beach shall not notify anyone of the deposit, the identity of the bidder or the amount of the deposit other than it shall notify the auction agent that it has received a bid deposit from the named bidder, that the funds for such deposit have been collected, and that the auction agent may verify the amount of the deposit upon opening of all bids. Harris Beach shall not notify the auction agent of the amount of the deposit until all bids are opened as set forth below.

h. The Auction Agent shall open the bids on February 7, 2012.

i. The Auction Agent shall notify each bidder of the bids received from all qualified bidders, including the name of each bidder and the amount of such bidder's bid.

j. In the event that the bidder submitting the highest bid fails to close within ten (10) days of the Auction Agent's announcement of the winning bid, then the Policy shall be purchased by the next highest bidder at such bidder's bid amount and which bidder shall close within ten (10) days of notice of failure of the highest bidder to close. Any bidder failing to close shall be liable to the

3

plaintiff for the difference between such bidder's bid amount and the bid amount at which the Policy is sold. To the extent that a bidder failing to close is a bidder qualified by virtue of posting a deposit, then the Auction Agent shall deliver to plaintiff from such deposit an amount equal to the difference between the higher bid and the lower bid at which the sale of the Policy closes and return the difference, if any, to the bidder.

k.  Upon receipt of notice of the auction result, the highest bidder shall close by delivering to Harris Beach in collected funds the full amount of its bid (or, if it is a bidder qualified by posting of a deposit, the balance of the purchase price). Upon receipt of such collected funds, Harris Beach shall deliver the escrowed title documentation for the Policy to the bidder. Harris Beach shall thereafter return to any bidder any deposit not otherwise applied as authorized above. If plaintiff is the highest bidder, then it shall not have to tender the amount of its bid in collected funds and shall merely be deemed to have paid such amount.

l.  Harris Beach shall pay to the plaintiff the collected funds tendered by the bidder (unless the plaintiff is the highest bidder).

m.  Plaintiff shall credit against the judgment amount above the amount of such payment (or, if the highest bidder is the plaintiff, the amount of plaintiff's bid), less the costs of publication set forth above and less the expenses of the Auction Agent's services.

**SO ORDERED.**

Dated:  Central Islip, New York
        January __, 2012

_____
Hon.
United States District Judge