# ALTMAN SCHOCHET, LLP

ATTORNEYS AT LAW

January 18, 2012

**VIA ELECTRONIC CASE FILING**
Hon. William D. Wall
Hon. Dennis R. Hurley
U.S. Magistrate Judge
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza
Central Islip, New York 11722-4449

Re: Financial Life Services, Inc. v. N. Bergman Insurance Trust, CA No. CV-10-4499
**PERMISSION to REARGUE and/or to APPEAL**

Dear Judges Wall & Hurley:

As you may recall this firm represents the N. Bergman Insurance Trust (the "Trust") in the above referenced matter. Judge Hurley in his Memorandum & Order, dated September 22, 2011 ("Judge Hurley's Order"), states in part that the Court faced a challenging situation when the Trust confirmed that is does not have the assets to make the premium payments on the Policy. Accordingly, the Court ruled that the Policy shall not revert to the Trust until and unless it satisfies the Judgment. The Court then allowed the Trust thirty (30) days to sell the Policy. The Trust diligently attempted to sell the Policy during such short period of time, but was unsuccessful as it was not the listed owner of the Policy and could not allow prospective Purchasers access to Policy information from Transamerica Occidental Life Insurance Company ("Transamserica"), nor was the Trust itself able to continually procure Policy information. After the expiration of such thirty (30) day time period, each party submitted a recommendation as to who is the best party to sell the policy. Thereafter, the Court asked for a conference call and the call concluded with this Court asking the Plaintiff to submit a proposed offer, which they have done via a letter, dated January 13, 2012 (the "Letter"). The Trust respectfully requests permission to reargue the objections to the Report and Recommendation issued by Judge Wall on June 27, 2011 ("R & R") and/or to appeal Judge Hurley's Order and pending any final determination for a stay preventing the Plaintiff from proceeding with any action contemplated in the Letter.

Judge Hurley's Letter recognizes that in most instances the Policy would revert to the Trust and Plaintiff would have a judgment against the Trust, but here your Honor puts great weight on the Trust's inability make premium payments on the Policy and therefore allows the policy to remain with the Plaintiff pending the Trust tendering the Judgment amount to the Plaintiff. Your Honor emphasizes that such action is unordinary, but "the unusual nature of this case and the overall balance of the equities warrants that an exception be made in this limited instance[1]." Subsequent to Judge Hurley's Order, the Trust unequivocally states its willingness

---
[1] Page 12 of Judge Hurley's Order

and ability to place in escrow six (6) months' worth of premium payments. The Trust maintains this willingness and would do so immediately in order that a stay preventing Plaintiff from taking any action contemplated in the Letter is issued pending a final determination. Should the Trust place the premium payments in escrow, there is no worry that the policy will lapse. We no longer have to worry that "the Court cannot, in good faith, simply sit back and allow the defendant to take title to the Policy and potentially squander the asset[2]." Moreover, the Trust is willing to replenish such escrow every three (3) months to allow for premium payments on the Policy in order to protect the "asset." Accordingly, there is no need for the Court to make such a rare exception and allow for title to the Policy to remain in the Plaintiff's name.

On another note, the Plaintiff has never tendered the purchase price and when it attempted to tender the purchase price it failed to do so in accordance with the Life Insurance Purchase and Sales Agreement, dated November 4, 2009 (the "Agreement"). Notwithstanding the contested issue in connection with the amount the purchase price tendered should have been, the Plaintiff attempted to tender the purchase price at least two (2) months after it was required to do so. The Agreement at paragraph 6 provides that the Plaintiff was to make payment within ten (10) business days of their receipt from Transamerica that they have accepted the Plaintiff as the owner. The Trust submitted the necessary documentation in or around December 2009 and upon information and belief, believes the Plaintiff received written notification of same in or around January 2010. The Plaintiff did not attempt to make payment until March 10, 2010. Plaintiff's silence (in all of its written submissions to this Court) as to when such written notice was received is deafening. In addition to such glaring omission, Plaintiff mischaracterizes the $64,500.00 premium payment it made in or around November 2009. The Trust had several interested purchasers of the Policy and relayed same to the Plaintiff (at this time the Trust felt that the Plaintiff was purposely delaying consummating the purchase), and stated that if they did not make such premium payment, the Trust would and then terminate the Agreement and sell to another purchaser. The Plaintiff tendered such $64,500.00 because it wanted to purchase the Policy and has continued making premium payments on the policy, despite its allegations of STOLI, as the Plaintiff is well aware of the value of the Policy. Now, if the Court allows the Plaintiff to follow through on its proposed order (the Letter) the Trust after spending over a million dollars on its sole asset may be left with nothing. The Trust purchased the Policy made over a million dollars in premium payments and never received consideration from Plaintiff for the alleged sale of the Policy. Accordingly, the Trust is the owner of the Policy and this Court must recognize same and order Transamerica to put title to the Policy in the name of the Trust. Should the Court refuse to do so, then at the very least, the Court must order the Plaintiff to tender the purchase price and same should be a condition precedent to recovery of any Judgment.

Based on the above and the fact that the Plaintiff in judgment wishes to seek what it did not plead for in its Complaint, it is respectfully requested that the Court allow the Trust to reargue its objections to the R & R and/or to appeal Judge Hurley's Order and pending same for a stay to be issued preventing the Plaintiff from any action in accordance with the Letter.

Should this Court not be inclined to allow the Trust to reargue and/or appeal, Plaintiff's Letter and letter, dated December 22, 2011 to the Court are faulty. The December 22, 2011, fails to properly calculate the judgment interest, see below:

---

[2] Ibid

| Premium Payment | Date of Payment | Interest Rate | days elapsed through 12/31/11 | Interest Amount |
|---|---|---|---|---|
| $64,500 | 12/15/2009 | 0.09 | 746 | 12029.25 |
| $95,700 | 3/1/2010 | 0.09 | 670 | 16029.75 |
| $115,000 | 3/10/2010 | 0.09 | 661 | 19003.75 |
| $86,100 | 5/5/2010 | 0.09 | 605 | 13022.625 |
| $57,400 | 8/10/2010 | 0.09 | 508 | 7289.8 |
| $105,000 | 12/20/2010 | 0.09 | 376 | 9870 |
| $88,676 | 4/4/2011 | 0.09 | 271 | 6007.799 |
| $110,000 | 6/21/2011 | 0.09 | 193 | 5307.5 |
| $129,000 | 9/8/2011 | 0.09 | 114 | 3676.5 |
| $105,000 | 12/8/2011 | 0.09 | 23 | 603.75 |
| | | | | 92840.724 |

The Interest Amount is calculated by multiplying the Premium Payment by the Interest Rate divided by 360 (days) and multiplied by the days elapsed. Such calculation results in an almost $2,000.00 difference in the Trust's favor from Plaintiff's previously submitted calculations. The Trust agrees with a per diem of $239.09 a day from December 31, 2011. The Letter fails to address several issues raised in the conference call with the Court. Section f. fails to recognize the Trust as a qualified bidder or a preferred method for allowing the Trust to be a qualified bidder. Section j, l., and m., fail to recognize that the Trust is entitled to any and all monies received in connection with the auction in excess of the Judgment, plus the costs of publication and auction agent's services.

Should the Court have any questions concerning this matter, we will gladly render a supplemental response with additional information in writing or by appearance.

Thank you.

Sincerely Yours,

Mark J. Nussbaum (MN 9712)

MJN/rd
cc: Harris Beach PLLC @ sivy@harrisbeach.com